## Case No. 1,466.

### BLACK et al. v. THORNE et al.

[12 Blatchf. 20; 1 Ban. & A. 155; 7 O. G. 176.] [1]

Circuit Court, S. D. New York.    April 28, 1874.

PATENTS — ACCOUNTING FOR INFRINGEMENT—EVIDENCE.

In taking an account of profits in this suit, under the decree therein,—10 Blatchf. 66 [Black v. Thorne, Case No. 1,465],—the master proceeded on the principle of charging to the defendants, as profits, the cost or value of all the wood which, but for the use of the patented improvements, they would have burned in their furnaces, and made a report accordingly. On the accounting, the defendants inquired of one of their witnesses, whether he had examined and worked any furnaces substantially differing from the plaintiffs' furnace and worked substantially different from the plaintiffs' process, which existed at the time the defendants constructed their furnaces, and, if he had, what was the economical working of such furnaces, as compared with the plaintiffs' furnace and process. The master, on the plaintiffs' objection, excluded the evidence, as incompetent. The defendants excepted to the ruling, and afterwards excepted to the report on the ground of the exclusion of such evidence: *Held*, (1.) That the ascertainment of the profits made by the use of the patented improvements to produce heat, by the burning of wet fuel, necessarily presented, as the question to be determined— what advantage did the defendants derive, in producing heat, from burning wet tan by the employment of the patented improvements, over what would have resulted to them from the use to produce equally beneficial results in the way of heat, of other methods for producing such equally beneficial results, open to the public and to them to be used at the time they used the patented improvements; (2.) That the evidence excluded ought to have been received.

[Cited in Reed v. Laurence, 29 Fed. 918.]

[In equity. Bill by Charles N. Black, as administrator of Moses Thompson, and Eliza M. Fitzgerald, as administratrix of William P. N. Fitzgerald, against Samuel Thorne, James McFarlane, and Jonathan Thorne, Jr., for infringement of letters patent. Decree for complainants, and accounting ordered. Case No. 1,465. Defendants except to the master's report. Exceptions sustained.]

Charles N. Black, for plaintiffs.

Dorman B. Eaton and Andrew J. Todd, for defendants.

BLATCHFORD, District Judge. The master was ordered by the decree to take an account of the profits derived by the defend-

¹ [Reported by Hon. Samuel Blatchford, District Judge; reprinted in 1 Ban. & A. 155; and here republished by permission.]

ants from their infringement of the plaintiffs' two patents. 10 Blatchf. 66 [Black v. Thorne, Case No. 1,465]. The infringement proved was by the use, in burning wet tan, to make heat employed in and about the tanning of hides, of furnaces containing, and employing, in their use, the improvements covered by the plaintiffs' patents. The defendants used the infringing furnaces to produce heat. They burned wet tan in such furnaces to produce heat. The claims of the plaintiffs' patents are confined to the use of the improvements claimed only to produce heat by the burning of wet fuel. The ascertainment of the profits made by the use of the patented improvements to produce heat by the burning of wet fuel, necessarily presents, as the question to be determined—what advantage did the defendants derive, in producing heat, from burning wet tan by the employment of the patented improvements, over what would have resulted to them from the use, to produce equally beneficial results in the way of heat, of other methods for producing such equally beneficial results, open to the public and to them to be used at the time they used the patented improvements. This requires that the inquiry should be limited to the production of heat, and to the production of equally beneficial results in the way of heat, but it does not require that the heat should be that capable of being produced by burning wet tan alone. It extends to any fuel.

The master, in taking the account of profits, has proceeded on the principle of charging to the defendants, as profits, the cost or value of all the wood which, but for the use of the patented improvements, they would have burned in their tanneries. The view is, that the cost of the wood was saved, because the wet tan burned cost nothing as fuel, and would otherwise have been useless. This principle is correct, if, to obtain equally beneficial results in the way of heat, by other open methods, would have required the use of wood to the given amount or value. The solution of the question, therefore, involves these inquiries: (1.) Whether there was any other open method whereby equally beneficial results in the way of heat could have been obtained, and, if so, what it was; (2.) What would have been the expense of such method, in construction, operation and fuel, as compared with the expense of the use of the plaintiff's improvements, in construction, operation and fuel. If the first inquiry should require, on evidence, the answer, that it was a method which, to produce the equally beneficial results in the way of heat, would require a certain quantity of wood or other article, as fuel, then the saving in expense, in fuel, would be the cost of the wood or other fuel.

Now, I understand the above inquiries to involve an investigation into the matters inquired about in a question put, on the reference before the master, by the counsel for

the defendants, to the defendants' witness Du Faur. The question was, whether he had examined and worked any furnaces substantially differing from the plaintiffs' furnace, and worked substantially different from the plaintiffs' process, which existed at the time the defendants constructed their furnaces, and, if he had, what was the economical working of such furnaces, as compared with the plaintiffs' furnace and process. This question was objected to on the part of the plaintiffs, as being incompetent, and as having been already asked. The master sustained the objection, and the defendants took, on the record, an exception to the ruling. The defendants have also filed an exception to the master's report, (exception 10,) on the ground that he erred in excluding proof of the economy of furnaces used in the combustion of wet spent tan, substantially different from the plaintiffs' furnace, and worked substantially different from the plaintiffs' process, as compared with the plaintiffs' furnace and process, and which furnaces were existing and in use at the time the defendants constructed their furnaces which are complained of. The evidence so excluded ought to have been received. It was competent and relevant. It could not be told, a priori, that the answer to it would introduce nothing which had not already been given in evidence in the case. It does not appear whether the master sustained the objection to the question on the ground that it was incompetent, or on the ground that it had been already asked, or on both grounds. Where and when the question had been already asked of the witness is not stated in the objection, or pointed out in the record. There may have been general evidence given by the witness, in the proofs for final hearing, as to the working of furnaces substantially differing from the plaintiffs' furnace, and worked substantially different from the plaintiffs' process, which existed at the time the defendants constructed their furnaces, and which were open to them to be used, and as to the general economical working of such furnaces, as compared with the plaintiffs' furnace and process; but the inquiry before the master involved the details of such economical working, with a view to arriving at the saving in money effected by the use of the plaintiffs' patented improvements.

It is no answer to these views to say, that the court has held, in this case, that the patentee was the first to discover, and put in practice, the true method of economically burning wet fuels, and obtaining from them better results than from equal quantities of dry fuels. That is true, but still the difference in economy which the defendants have derived from using the patented improvements is now the subject of inquiry. It may be that equally beneficial results in the way of heat could not have been obtained by the use of any number of furnaces burn-

ing any quantity of fuel, wet or dry, or both. It may be, that, to produce equally beneficial results in the way of heat, would have required a certain number of furnaces, involving a certain expense for construction and working, and a certain quantity of a given kind of fuel, costing a certain sum. It may be, that the result of all these inquiries will be to show that, after all, the defendants have saved the expense of all the wood it would have taken to produce heat enough for use in tanning the same number of hides which they have tanned by the use of the heat produced by the infringing furnaces; and that, with that saving, they have still had a surplus of unused heat. If so, the proper inquiry will have been made, and the result arrived at will have been reached on a presentation of all the evidence properly bearing on it.

As these views require the report to be set aside, and the case to be sent back for the taking of further evidence, in conformity with this opinion, an order will be entered to that effect.

[NOTE. For other cases involving this patent, see note to Black v. Thorne, Case No. 1,465.]